**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION AFL–CIO, LOCAL 1066, et al., Defendants, Appellants,**

**v.**

**BOSTON SHIPPING ASSOCIATION, INC., et al., Plaintiffs, Appellees.**

No. 6968.

United States Court of Appeals First Circuit.

Dec. 8, 1967.

Francis J. Larkin, Milford, Mass., with whom Joseph T. Doyle, Philadelphia, Pa., was on brief, for appellants.

Leo F. Glynn, Boston, Mass., for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an action by an employer collective bargaining representative, hereinafter employer, to compel a union to arbitrate pursuant to the terms of a collective bargaining agreement. The defense is that there was no agreement to that effect. The district court found for the plaintiff and the union appeals.

For some years the main wage provisions of longshoremen's collective bargaining agreements for the East Coast have been negotiated en masse in New York, while additional provisions to meet special local conditions were negotiated and made a part of local agreements at the local level. Local 1066, defendant herein,* admittedly at one time had such a subsidiary local agreement with plaintiff Boston Shipping Association, Inc., the employer. The last such agreement in written form was executed in 1959, to expire in 1962. It contained a provision for arbitration. In 1962 a new major wage agreement was negotiated in New York. No written agreement, however, was entered into locally. Essentially the same occurred in 1965. The major agreement in this instance was to run four years.

In late 1966 a question arose in Boston as to the geographical area to be covered by each individual "set-up" of clerical employees who were members of Local 1066. After unsuccessful efforts to negotiate the dispute, during which the union filed an unfair labor practice charge asserting that the employer was violating "its collective bargaining agreement," the plaintiff sought arbitration in accordance with the provisions of the former written agreement, taking the position that this agreement had been orally, or impliedly extended. The correctness of the court's finding that there was such an extension is the only issue of any substance on this appeal.

■■ The court's precise finding was that the provisions of the local agreement, except as expressly varied, "were orally renewed in the negotiations which took place in New York." There is no evidence to be found in the record of any such occurrence, and such evidence as there is is to the contrary. Conceivably the court was confused by the fact that the New York local agreements were renewed in New York. This finding cannot stand.

While we are with the union in this particular, we do not agree that the record could not support a finding that the local agreement was renewed in Boston, and as so renewed, if it was, included a provision for arbitration. The unfair labor practice charge, which was not based on provisions in the major agreement, was itself substantial evidence of a local collective bargaining agreement. Nor did the court err in its reference to the importance of labor arbitration as some evidence that if an agreement were renewed this would be understood to remain a part of it.

However, while the record warranted a finding of local renewal, it did not compel it. Possibly if the court had not misunderstood the record with respect to New York, it would not have resolved the ultimate question as it did. The union is entitled to have the dispute adequately considered.

■■ We do not accept the employer's suggestion that the parties having, since the onset of this proceeding resolved between themselves the particular issue which led to it, the question raised herein is now moot. The agreement, if there was one, presumably was for the four-year period of the major agreement, which has still some time to run. The union is entitled to a declaration of rights.

The order of the District Court is vacated and the action remanded for further proceedings not inconsistent herewith.

* International Longshoremen's Association (AFL–CIO), Local 1066.